■ In the Matter of HAROLD BAKER, as President of District Council 37, American Federation of State, County and Municipal Employees, AFL–CIO, Appellant, v. JOHN V. LINDSAY, as Mayor of the City of New York, et al., Respondents.— REYNOLDS, J. P. Appeal, transferred from the Appellate Division, First Department, from a judgment of the Supreme Court, New York County, dismissing appellant's petition in a proceeding brought pursuant to CPLR article 78 seeking a judgment directing respondents to certify those Civil Service titles in shortage areas to permit superannuation of those employees so titled pursuant to the Administrative Code of the City of New York (§ B3–38.0, subd. 2). Pursuant to a collective bargaining agreement between appellant and the City of New York, the terms of which were later essentially incorporated into the Administrative Code of the City of New York (§ B3–38.0, subd. 2) the mandatory retirement age for city employees was set at 65 years of age with an exception as to those civil service titles " with respect to which, in the judgment of the [civil service] commission, it will be advantageous to the public service to permit incumbents to remain in the city-service until age seventy." On July 1, 1968 the Civil Service Commission, based essentially on extensive consultation with various department heads as to their personnel needs, determined that there were no titles which the interest of the public required that the incumbents be permitted to remain in service until age 70. Appellant contends that the manner in which this determination was made was arbitrary and capricious, that a failure to receive evidence from affected individuals of claims of shortage in positions was violative of due process and that the failure to certify a list of titles was a breach of the collective bargaining agreement prejudicing those employees who must make an election between the new retirement system and remaining under the prior one. We cannot agree with these contentions. Neither the Administrative Code nor the bargaining agreement contain a mandate that any titles be certified if in fact none meet the prescribed test. All that is required is a reasonable exercise of administrative discretion in determining which if any titles so qualify. And this determination is a policy decision and thus quasi-legislative requiring no formal hearing since none was prescribed in the enabling legislation (1 N. Y. Jur., Administrative Law, § 45; see *Wasservogel* v. *Meyerowitz,* 300 N. Y. 125). Accordingly, the form of the investigation was left to the commission (*Matter of Applegate* v. *Waterfront Comm. of N. Y. Harbor,* 23 Misc 2d 1090) and it could rely on its own reports and investigations (*Matter of Fink* v. *Cole,* 1 N Y 2d 48). Considering the short time given the commission to produce the list and the more than 2,000 civil service titles in the city, we cannot say that the commission's approach in basing its decision primarily on consultation with the various department heads was violative of due process. Nor, considering the purpose of mandatory retirement and the possibility of continuing particular individuals on a yearly basis without prejudice to their accumulated pension rights, can we say that the determination here involved was arbitrary or capricious. Judgment affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.